**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN  DIVISION**


**EARNEST JACOB and**                                                          **PLAINTIFFS**
**HENRIETTA SMOTHERS**


**vs.**                                    **Case No. 4:06-CV-01007 GTE**


**THE BOARD OF DIRECTORS OF THE**
**LITTLE ROCK SCHOOL DISTRICT,**
**DR. ROY BROOKS, Superintendent of Schools,**
**TOM BROCK, School Director, Individually and as**
**a Candidate for School Board Office, and TONY**
**ROSE, Individually and as a candidate for school board**
**office, LILLIE BOUIE, as Director of Child Nutrition**
**Programs, and THE PULASKI COUNTY ELECTION**
**COMMISSION**                                                              **DEFENDANTS**

**CHARLES ARMSTRONG & DIANNE CURRY**                      **INTERVENORS**


**ORDER DENYING SECOND MOTION FOR PRELIMINARY INJUNCTION**

    Before the Court is Plaintiff/Intervenors' Second Motion for Preliminary Injunction.

Therein, Plaintiff/Intervenors seek a Court Order requiring the Defendants to establish an early

voting site other than the Pulaski County Courthouse in connection with October 10th run-off

election for the Zone 7 Director position on the Little Rock School Board.  The Pulaski County

Election Commission ("PCEC") and the Little Rock School District ("LRSD") have filed written

responses opposing the motion.  After a full review of the submissions of the parties, the Court

concludes the motion should be denied.

    The Court previously rejected Plaintiffs' request to require additional early voting polling

sites in LRSD Zones 6 and 7 for the September 19th Annual School Election.  (See Court's

- 1 -

Memorandum Opinion of September 1, 2006, hereinafter "Opinion").   The Court conducted a

hearing during which all parties were given the opportunity to present evidence in support of

their respective positions.  The parties also submitted briefs addressing the Arkansas and federal

law related to the issues.  Thus, the Court is very familiar with both the facts and law pertaining

to early voting in Pulaski County, Arkansas, including the statutory scheme delegating to the

PCEC the discretion to determine whether additional early voting polling sites are necessary.

Now before the Court is a second request by Plaintiffs for a preliminary injunction to

require additional early voting sites in connection with the Annual School Election to elect

Directors for the LRSD.  This time the request relates to the run-off election between Intervenor

Dianne Curry and Defendant Tom Brock for the Zone 7 School Board position. The runoff

election is scheduled for October 10, 2006.  Plaintiffs request Court intervention to mandate that

early voting be established between October 2 and October 6 for at least three days at the Dee

Brown Library in Southwest Little Rock.

Plaintiffs challenge the decision by the PCEC, adopting the recommendation of its

Director Susan Inman, not to have an additional early voting site for the run-off election.  Voters

will still have the option of voting early at the Pulaski County Courthouse.  Plaintiffs contend

that this is not sufficient and that an additional early voting site should be established at the Dee

Brown Library for a minimum of three days.  Plaintiffs assert that, contrary to Ms. Inman's

representations, the library is available for early voting on October 2, 3, and 6 (Monday, Tuesday

and Friday) and may also be made available on October 4 (Wednesday).  Plaintiffs state that they

are prepared to present the testimony of the library director to prove up the library's availability.

As legal cause to support the requested relief, Plaintiffs assert that the denial of an early

voting site in Zone 7 "has a tendency" to diminish the ability of persons of color to elect school

board representatives of their choice.   They further claim that the precincts within Zone 7 tend to

be grossly inconvenient.

Much of the Court's September 1st Opinion denying the first request for preliminary

injunctive relief applies here.  The Opinion is incorporated herein by reference.  Although the

Opinion provides an adequate basis for denying the requested preliminary injunctive relief

without further discussion, the Court provides a brief discussion to demonstrate why preliminary

injunctive relief still remains inappropriate.

Plaintiffs arguments regarding a negative impact on persons of color in the ability to elect

school board representatives of their choice is seriously eroded by the recent school board

election results.  The African American candidates fared very well in the recent school board

elections.  In Zone 6, the African American candidate Charles Armstrong defeated Tony Rose by

a margin of 436 votes to 116 votes.  The voters in Zone 7 cast 362 votes for the African

American candidate Dianne Curry and 347 votes for Tom Brock,[1] necessitating the upcoming

run-off election. In both races, the results indicate that the African American candidates (both of

whom are Intervenors in the present action) garnered more votes during early voting at the

Pulaski County Courthouse than their respective Caucasian opponents.  In the Zone 6 race,

Charles Armstrong received 15 early votes while Tony Rose received 2 early votes.  In the Zone

7 race, Dianne Curry received 19 early votes while Tom Brock received 3 early votes.[2]

The evidence refutes Plaintiffs' earlier assertion that Court intervention was necessary or

otherwise "the black voters of Zones 6 and 7 will have less chance to elect representatives of

---

[1] The official results of the September 19, 2006 Annual School Election are attached as Exhibit 1 to PCEC's Response.

[2] Inman Affidavit at p. 3.

- 3 -

their choice." Clearly, African American voters were neither disproportionately affected nor

disenfranchised by holding early voting only at the Pulaski County Courthouse. The evidence

also seriously calls into question whether racially polarized voting exists in the LRSD. In the

Zone 6 race, the Election Commission figures show that Mr. Armstrong received 79 percent of

the vote in a zone which is only 52 percent African-American.[3] In short, Plaintiffs have failed to

present any evidence or even a colorable theory that would merit this Court's further inquiry, by

conducting a hearing, on the issue of preliminary injunctive relief.

The *Dataphase* factors have not been satisfied here. All four factors – irreparable harm,

likelihood of success on the merits, balance of harms and the public interest – weigh heavily in

favor of the Defendants. The Court thoroughly discussed these factors in its September 1st

Opinion and much of the same analysis applies here. The Defendants, in their briefing, have

done a good job of analyzing the factors in light of the present dispute.

Plaintiffs have largely ignored the linchpin of injunctive relief – irreparable harm.

Neither Plaintiffs nor Intervenors have clearly stated their theory of irreparable harm. Like their

first motion, their apparent theory is that their votes will be diluted due to the lack of additional

early voting sites. That contention is disproved, however, by the actual election results and by

the racial breakdown of early voters.

The PCEC has demonstrated good cause for its decision not to permit early voting at the

Dee Brown Library. First, the library is not available for three consecutive days and even though

it is available for three non-consecutive days during the week prior to the election, it is scheduled

for events during those evenings. Thus, it would be exceedingly difficult for the PCEC to

comply with its statutory obligation to store "all voted ballots and unvoted ballots and all related

---

[3] *See* footnote 1 of LRSD's brief in opposition.

election materials at each additional early voting site . . . in a secure location." Ark. Code Ann. §
7-5-418.  Second, attempting to conduct early voting on nonconsecutive days would likely lead
to voter confusion and frustration.  Third, the low voter turnout for the runoff election does not
justify the additional expense of establishing an additional early voting polling site.  Only twenty-
two (22) people early voted in the Zone 7 election.

The reasons asserted by the PCEC for not conducting early voting at the Dee Brown
Library appear valid.  Certainly, the PCEC has asserted legitimate nondiscriminatory reasons for
its decision and has controverted Plaintiff's assertion that "there is no legitimate reason which
can support denying the requested relief."   Once again, "[t]here is no evidence that the PCEC
has exercised its lawful discretion in an arbitrary or discriminatory manner."[4]

Voters who wish to early vote may still do so, either by traveling to the Pulaski County
Courthouse during the early voting period or by absentee ballot.  The Court is impressed that the
PCEC has addressed Plaintiffs' concerns regarding the lack of parking for early voting at the
Pulaski County Courthouse.  The PCEC has arranged for three parking spaces to be designated
for use only by early voters.  Given the historically light voter turnout, this parking arrangement
should alleviate any concerns regarding lack of parking for early voters.

In sum, Plaintiffs have failed to come forward with any new facts or arguments to create a
colorable claim that either the PCEC or the LRSD have deprived any citizen of rights guaranteed
by federal law.  "The PCEC has the right to run its own affairs free from the intrusion of federal
courts unless and until it is shown that it is depriving citizens of rights guaranteed by federal
law."[5]

---

[4]  Opinion, at p. 18.

[5]  Opinion, at p. 20.

## CONCLUSION

Because there appears no basis in law or fact to justify the requested preliminary injunctive relief,

IT IS THEREFORE ORDERED THAT Plaintiffs' Second Motion for Preliminary Injunctive Relief (Docket No. 33) be, and it is hereby, DENIED.

IT IS SO ORDERED THIS   28th   day of September, 2006.

 /s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE